IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT GINSBURG, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3064 |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM AND ORDER |
| CONCORDIA UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for attorneys' fees, (filing no. 25), filed by Concordia University ("Concordia"). For the reasons set forth below, the motion is granted in part.

BACKGROUND

Robert Ginsburg filed a religious discrimination suit against Concordia, a Lutheran university, alleging he was fired from his position as the head softball coach because he is a member of the Catholic faith. Filing No. 1. Concordia moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, because Concordia is a "religious educational institution" and therefore exempt from claims of religious discrimination pursuant to 42 U.S.C. §2000e-1 & -2. Filing No. 12. Concordia also sought an award of attorneys' fees under 42 U.S.C. §2000e-5(k). Id.

The court found Ginsburg's complaint failed to state a claim for which relief could be granted and provided him additional time to file an amended complaint if he believed the defects could be cured. Filing No. 21. Although the court did not find that Concordia fit under the statutory exemption to Title VII discrimination claims, the undersigned magistrate

noted that it was "entirely possible" Concordia was covered by the exemption, but the court simply did not have sufficient evidence before it to make such a finding. Filing No. 21, p. 8. The court denied the request for attorneys' fees, but warned Ginsburg that if he continued to pursue the claim without factual basis, he did so at the peril of being subject to an award of attorney's fees in the future. Filing No. 21, n. 3.

Counsel for Concordia contacted Ginsburg's attorney and advised him that if he pursued further action, Concordia would renew its requests for attorneys fees. Filing No. 26-1. Concordia's counsel also provided Ginsburg with evidence of its affiliation with the Lutheran Church - Missouri Synod and, therefore, its qualification as a religious educational institution for the purposes of the statutory exemptions to Title VII. Id. Nevertheless, Ginsburg amended his complaint in an attempt to prevent the suit from being dismissed. Filing No. 22. Concordia again moved to dismiss the complaint or, in the alternative, moved for summary judgment based on its qualification for the statutory exemption from religious discrimination claims. Filing No. 23. In support of its motion for summary judgment, Concordia provided evidence of its long and involved relationship with the Lutheran Church - Missouri Synod including its bylaws, articles of incorporation, 501(c)(3) determination letter from the Internal Revenue Service and an affidavit from the president of the university. Filing No. 24-1. Concordia also renewed its request for attorneys' fees. Filing No. 25.

The court found Concordia fell under the statutory exemption, and Ginsburg was therefore precluded from bringing a religious discrimination suit against Concordia. Filing No. 36. Counsel for Concordia was instructed to file an affidavit detailing its basis for the claimed attorneys' fees. Ginsburg was afforded the opportunity to respond to the submitted affidavit and request for fees.

2

ANALYSIS

Under 42 U.S.C. §2000e-5(k) "[i]n any action or proceeding brought under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. §2000e-5(k). "A district court may award attorneys' fees to a prevailing defendant in a Title VII action upon finding that the action was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " E.E.O.C. v. Trans States Airlines, Inc., 462 F.3d 987, 996 (8th Cir. 2006)(quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

The Eighth Circuit has not extensively addressed what types of institutions qualify for Title VII's religious discrimination exemption. However, the court's Memorandum and Order on defendant's motion to dismiss cited the cases this court intended to rely upon when evaluating whether Concordia fell within the parameters of the exemption. Filing No. 21, pp. 8-9. Counsel for Concordia contacted Ginsburg's counsel shortly after that order was issued and provided Ginsburg with some evidence that Concordia was precisely the type of institution contemplated by the exemption. Ginsburg has not cited any case where a religious educational institution as closely tied to a church as Concordia is to the Lutheran Church – Missouri Synod was successfully sued for religious discrimination.

Before filing his amended complaint, Ginsburg was on notice of what law the court intended to follow, knew Concordia's threshold factual basis for claiming the exemption, and apparently could not cite legal authority in support of his continued claims against Concordia. For this reason, Concordia's motion for attorneys' fees is granted, but only to the extent the fees were incurred after the court's Memorandum and Order on defendant's motion to dismiss.

3

The affidavit and billing records indicate that Concordia was billed $2,779 after the filing of the amended complaint. (Filing No. 37, ¶15). After careful scrutiny, the court notes that the bulk of the work done for Concordia's defense to the amended complaint was performed by an associate, the amount of time incurred by the associate was reasonable, and her billing rate was reasonable. There was some duplication of time between Mr. Fahleson and Ms. Tesmer. Therefore, Mr. Fahleson's time, an amount totaling $594.00 (from September 28, 2010 through November 22, 2011) will not be awarded. Ginsburg will be ordered to reimburse Concordia $2,185 for its attorneys' fees.

IT IS ORDERED that by separate document, judgment shall be entered in favor of Concordia and against Ginsburg. Ginsburg shall pay, through counsel, $2,185 to defendant Concordia University.

DATED this 4th day of March, 2011.

BY THE COURT:

*S/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.